## Uber v. Philadelphia Transportation Co.

*Bernstein & Gembala,* for plaintiff.
*Irwin Paul,* for guardian.

KALISH, *J.,* October 14, 1982—Plaintiff, an incompetent, sued SEPTA in trespass for negligence.

A settlement hearing, based on prior negotiations, was attended by plaintiff's guardian, Paul Pruss, Jr., and Irwin Paul, Esq., counsel for the guardian; William Uber, Sr., and Gail Uber, father and mother of the incompetent; Bernstein & Gembala, Esqs., attorneys for plaintiff in the trespass action and SEPTA's counsel, Joseph Livesey. This court considered the facts of the case and approved a settlement agreement.

Under the terms of this settlement, SEPTA agreed to pay $250,000 to the incompetent's guardian. Thereafter, for the next 240 months (20 years), SEPTA guaranteed monthly payments to be paid to the guardian of incompetent's estate, "whether he survives the said 20 years or not." Thereafter, the guardian was to receive monthly payments for the incompetent's natural life.

Irwin Paul, Esq., counsel for the guardian, agreed that the settlement was fair and reasonable.

Bernstein & Gembala, Esqs.' counsel fee was to be $100,000 to be paid out of the $250,000, and, thereafter, Bernstein & Gembala were to receive one-third of each monthly payment as it became due and payable.

To finance this settlement, SEPTA purchased a single premium annuity policy on the life of William Uber, Jr., for which it yielded the monthly sum of $1,650 per month, guaranteed for 20 years and the monthly sum thereafter of $1,250 for the incompetent's natural life.

Thus, when the incompetent dies, the monthly fees of Bernstein & Gembala terminate, if death occurs after 20 years.

Sometime after this agreement was being carried out, the Superior Court handed down its decision in Johnson v. Sears Roebuck and Company, 291 Pa. Super. 625, 436 A.2d 675 (1981). Mr. Paul then filed this petition to modify the order of this court which incorporated the above settlement and bases his request on the opinion of the Johnson court.

The petition to modify is denied.

Unlike the Johnson case, supra, no improper method was used to determine the gross value of the settlement which formed the basis of the attorney's fee. In the instant case, unlike Johnson, the future possible payments to counsel are clear and

certain. Only upon receipt of the monthly payments does counsel share. When the incompetent dies, the monthly fees of Bernstein & Gembala terminate. In Johnson, the future possible payments continue despite the fact that the Johnsons may never receive that amount. In other words, here the victims' attorneys fees were based on amounts actually received, whereas in Johnson, the attorney's fees were based on a sum that the Johnsons may never receive. 436 A.2d at 677. While such payments, as here, may be unwieldly and extensive, they are nevertheless equitable and agreed to by all, including the petitioner's counsel, Irwin Paul, Esq. This is not a situation, as in Johnson, where the settlement award was worth more to the attorneys than to their client.